■ JAMES MOORE et al., Respondents, v LAWRENCE KOLB, as Commissioner of the New York State Department of Mental Hygiene, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 2, 1977 in Albany County, which denied defendants' motion to dismiss plaintiffs' declaratory judgment action on the ground that it had become moot and academic. The Legislature, by chapter 437, as amended by chapter 438 of the Laws of 1976, effective June 23, 1976, directed the Department of Mental Hygiene to study and develop a plan for the continuing requirements for institutional operations of the department, including regional consolidation of facilities, and, further, to provide the results of such studies and conclusions together with recommendations to the Legislature. The submission was to be no later than March 1, 1977. That body was then to study and consider such findings and recommendations in preparing the 1977 mental hygiene budget (L 1976, ch 438, § 2). Until such report and approved plan were submitted to the Legislature, the department was constrained from implementing any such plan (L 1976, ch 438, § 3). However, in January of 1976, before the passage of the subject statutes, a departmental task force had undertaken a study of the feasibility of closing the Marcy Psychiatric Center, and in April, 1976 the task force recommended the consolidation of the Utica and Marcy Psychiatric Centers under a single administrative staff with a single director of the consolidated unit. The plan was ·to be implemented on June 1, 1976. With the passage of chapter 437, as amended by chapter 438 of the Laws of 1976, the plaintiffs commenced an action for declaratory judgment and permanent injunction challenging the action of consolidation by the Department of Mental Hygiene, and, by amended complaint, such further actions as contemplated employee lay offs. After issue was joined Special Term denied plaintiffs'

motion for summary judgment and defendants' cross motion for like relief, stating, as to the latter, that while the task force study and resultant recommendations to consolidate the two psychiatric centers might have been underway before the adoption of chapters 437 and 438 of the Laws of 1976 so as to be free of the restraints imposed by these acts, other specific acts of the defendants may have occurred subsequent to the effective date of the statute, June 23, 1976, and thus be violative of the enactments. After a motion for reargument by plaintiffs was denied, the case was preferred and set down for trial on April 4, 1977. Before trial was commenced the defendants moved to dismiss the action solely on the ground that the action had become moot and academic because any prohibition contained in section 3 of chapter 438 expired on or prior to March 1, 1977 when the consolidation plan was approved by the Governor and submitted to the Legislature. Further, the defendants alleged that the plaintiffs had failed to show any resulting or continuing harm or damage. Special Term, while conceding that the statutory restraint was automatically terminated by the submission to the Legislature of the approved plan (see L 1976, ch 438, § 3), held that the circumstance of termination did not legitimatize prior acts of the defendants, such as personnel changes, which at the time they were committed violated the statutory restraint. This appeal is from that order denying defendants' motion to dismiss. Plaintiffs' contention that the plan for consolidation required the approval of the Legislature must be rejected. A reading of the amendments to chapter 437 of the Laws of 1976 by chapter 438 of the Laws of the same year readily reveals a legislative intent to dispense with its approval as a condition precedent to the implementation of any plan of regional consolidation or realignment. Specifically, section 2 of chapter 438 amended section 1 of chapter 437 by deleting therefrom the requirement that such recommendation be approved by the Legislature. Therefore, we conclude that the first cause of action in plaintiffs' complaint and amended complaint which rests upon an allegation of legislative approval of the submitted plan is moot. The statutory restraints expired on or before March 1, 1977 when the Governor approved the plan of the Department of Mental Hygiene and filed it with the Legislature. However, while the termination of the chapter 438 restraint as of March 1, 1977 moots any damage allegedly sustained by the lack of legislative approval as well as any future damages, it does not render academic any controversy that may have occurred after the effective date of chapter 438 and prior to March 1, 1977. That such controversies with possible resultant damage may have taken place is evident from the content of letters and notices sent to individual employees on November 10, 1976 advising that "due to reorganization of the Utica and Marcy Psychiatric Centers" certain employees' positions will be abolished December 1, 1976. Thus, plaintiffs' affidavits alleging that employees lost their jobs or had been forced to utilize "bumping or retreat rights" under the Civil Service Law raise justiciable issues that must be resolved at trial. Order modified, on the law and the facts, by reversing so much thereof as denied defendants' motion to dismiss plaintiffs' declaratory judgment action insofar as it seeks damages based upon legislative approval, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.